[No. B138748. Second Dist., Div. Five. Apr. 26, 2001.]

TERRY HERRERA, Plaintiff and Appellant, v.
DEPARTMENT OF REAL ESTATE, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of Issues and parts I and III through VI of the Discussion.

**Counsel**

Terry Herrera, in pro. per.; Herrera & Bencze and Stephan Bencze for Plaintiff and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Richard W. Bakke and Marla K. Markman, Deputy Attorneys General, for Defendant and Respondent.

**Opinion**

**GRIGNON, J.**—Appellant Terry Herrera appeals from an order denying his petition for writ of mandate in this proceeding to revoke his real estate license. The Department of Real Estate (Department) revoked Herrera's real estate license pursuant to Business and Professions Code section 10177, subdivision (f),[1] based on the suspension of Herrera's law license. The Department's disciplinary accusation was filed within three years from the suspension of Herrera's law license, but more than three years from the underlying misconduct. In the published portion of this opinion, we conclude the three-year statute of limitations set forth in section 10101 commences on the date of the suspension of the law license. We address the remaining issues in the unpublished portion of this opinion. We affirm.

---

[1]All further statutory references are to the Business and Professions Code, unless otherwise stated.

## FACTS AND PROCEDURAL BACKGROUND

In April 1976, Herrera obtained his real estate license. In December 1986, he was licensed to practice law in California. On February 8, 1989, Herrera received $1,000 on behalf of a client of his law practice. He did not notify the client of the receipt of funds. He deposited the funds into his client trust account. On February 27, 1989, Herrera withdrew from his representation of the client. He did not remit the funds to the client. On May 1, 1989, his client trust account balance fell below $1,000. The State Bar filed a complaint against Herrera in 1991.

In 1996, Herrera and the State Bar stipulated to a "statement of acts or omissions warranting the agreed disposition." In addition to the above facts, the statement provided, "[Herrera] failed to notify [the client] of the receipt of her funds and misappropriated the money for his own use and purpose. [Herrera] committed the above-described acts in willful violation of . . . Section 6106 and Rules of Professional Conduct[, rule] 4-1000(B)(4)." On April 19, 1996, the Supreme Court suspended Herrera's license to practice law for one year, stayed execution of the suspension, and placed Herrera on probation for one year subject to conditions that included a 60-day actual suspension.

On February 16, 1999, the Department filed an accusation against Herrera to suspend or revoke his real estate license under section 10177, subdivision (f), based on the suspension of Herrera's law license. A hearing was held on May 12, 1999. On May 25, 1999, the administrative law judge issued a proposed decision to revoke Herrera's real estate license. The Department adopted the proposed decision and revoked Herrera's real estate license, effective July 13, 1999.

On August 10, 1999, Herrera filed a petition for writ of administrative mandamus. After a hearing, the trial court denied the petition and entered judgment in favor of the Department on November 29, 1999. Herrera filed a timely notice of appeal.

### ISSUES*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

---

*See footnote, *ante*, page 776.

## DISCUSSION

### I. *Standard of Review**

. . . . . . . . . . . . . . . . . . . . . . . . .

### II. *Statute of Limitations* ·

■ Herrera contends the Department did not file an accusation against him within the three-year statute of limitations period. He acknowledges that the accusation was filed within three years of the date of the suspension of his law license. Nevertheless, he argues the accusation was not timely, reasoning that the event commencing the limitations period is the underlying misconduct. This argument is not persuasive.

The Department may suspend or revoke the license of a real estate licensee on a number of grounds including: misrepresentation and false promise (§ 10176, subds. (a)-(c)); conflict of interest (*id.*, subd. (d)); commingling of funds (*id.*, subd. (e)); fraudulent procurement of a real estate license (§ 10177, subd. (a)); conviction of a felony or a crime of moral turpitude (*id.*, subd. (b)); false advertisement (*id.*, subd. (c)); willful violation of the real estate law (*id.*, subd. (d)); willful misuse of the term "realtor" (*id.*, subd. (e)); conduct warranting denial of a real estate license (*id.*, subd. (f)); denial, revocation, or suspension of a license issued by a different governmental agency (*ibid.*); negligence or incompetence (*id.*, subd. (g)); failure to supervise employees (*id.*, subd. (h)); fraud (*id.*, subd. (j)); § 10176, subd. (i)); violation of a condition of a restricted license (§ 10177, subd. (k)); discrimination (*id.*, subd. (*l*)); violation of the franchise investment law (*id.*, subd. (m)); violation of the corporate securities law (*id.*, subd. (n)); failure to disclose an ownership interest in real property (*id.*, subd. (*o*)); misconduct involving mobilehome sales (§ 10177.2); referral of customers for a fee (§ 10177.4); and a final civil judgment for fraud (§ 10177.5).

Before suspending or revoking a real estate license, the Department must file an accusation notifying the licensee of the alleged grounds for possible disciplinary action and thereafter hold a hearing. (§ 10100.) The accusation must "be filed not later than three years from the occurrence of the alleged grounds for disciplinary action." (§ 10101.) The three-year limitations period commences on the date of the occurrence of the grounds for revocation or suspension. (*California Real Estate Loans, Inc. v. Wallace* (1993) 18 Cal.App.4th 1575, 1585 [23 Cal.Rptr.2d 462].) Thus, for example, where the ground for license revocation or suspension is a final civil judgment for

---

*See footnote, *ante*, page 776.

fraud, the limitations period commences on the date of the final judgment, "not the acts or omissions underlying that judgment." (*Ibid.*) Similarly, where the ground for revocation or suspension is the conviction of a crime involving moral turpitude, the limitations period commences on the date of the final judgment of conviction, not the acts or omissions underlying the judgment of conviction. (*Karrell v. Watson* (1953) 116 Cal.App.2d 769, 777-778 [254 P.2d 651].)

In determining the commencement of the limitations period, the statutory language focuses on the ground for discipline. It is the occurrence of the ground for discipline that commences the limitations period. Where the ground is the actual misconduct of the licensee, the misconduct commences the period. Where, however, the ground is a criminal conviction, a civil judgment or the disciplinary action of a regulatory agency, it is the final official action that commences the period.

In this case, the ground for disciplinary action against Herrera was the suspension of his law license, not the underlying misappropriation of a client's funds. Herrera's law license was suspended on April 19, 1996, and the accusation to revoke or suspend Herrera's real estate license was filed on February 16, 1999, on the ground of section 10177, subdivision (f) ("had a license issued by another agency of this state . . . revoked or suspended"). Thus, it is irrelevant for purposes of the statute of limitations that the misappropriation of client funds took place in 1989. Accordingly, the accusation was timely filed.

III.-VI.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed. Appellant is to pay respondent's costs on appeal.

Turner, P. J., and Armstrong, J., concurred.

A petition for a rehearing was denied May 24, 2001, and appellant's petition for review by the Supreme Court was denied July 18, 2001.

---

*See footnote, *ante*, page 776.